# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JESUS TENA SOLORZANO, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:18-CR-00120-MLB-CMS-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:20-CV-02057-MLB-CMS |

## FINAL REPORT AND RECOMMENDATION

Movant Jesus Tena Solorzano filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 68). This matter is before the Court for a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases, which provides that summary dismissal is proper when the motion and the attached exhibits plainly reveal that relief is not warranted.

For the reasons stated below, it is **RECOMMENDED** that the instant motion to vacate (Doc. 68) be **DENIED**.

## I.  BACKGROUND

In 2018, Movant was charged with, among other things, conspiracy to possess with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii), 846. (Doc. 18). Movant subsequently agreed to plead guilty to this charge pursuant to a written plea agreement, and the Court accepted Movant's guilty plea. (Docs. 53, 53-1). Movant's statutory range was 10 years to

life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). On May 17, 2019, the Court sentenced Movant to 180 months of imprisonment. (Doc. 63). Movant did not file a direct appeal.

## II. DISCUSSION

In his § 2255 motion, Movant raises two claims: (1) his sentence is excessive and amounts to cruel and unusual punishment under the Eighth Amendment, and (2) his counsel was ineffective for failing to raise Movant's Eighth Amendment claim in his criminal proceeding. (Doc. 68 at 3-7).

With respect to Movant's first claim, this claim is procedurally defaulted because Movant did not pursue this claim on direct appeal.[1] *See Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021) (providing that, under the procedural default rule, a "defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a § 2255 proceeding" (internal quotation marks omitted)); *see also Lynn v. United States*, 365 F.3d 1225, 1243 (11th Cir. 2004) (explaining that "the procedural

---

[1] To the extent Movant argues he should be released in light of the current COVID-19 pandemic, he should file a motion for compassionate release. (*See* Doc. 68 at 3-4). Similarly, to the extent he argues that prison officials have failed to properly protect him from COVID-19 in violation of his civil rights, he should file a 42 U.S.C. § 1983 action.

default rule does not depend on whether a movant never filed a direct appeal or appealed but raised different issues").

Turning to Movant's second claim, to prevail on a claim of ineffective assistance of counsel, a prisoner must meet a two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that "counsel's performance was deficient." *Khan v. United States*, 928 F.3d 1264, 1272 (11th Cir. 2019). Counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *Id.* (internal quotation marks omitted). "There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance, and, therefore, counsel's performance is deficient only if it falls below the wide range of competence demanded of lawyers in criminal cases." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Second, a prisoner must show that he suffered prejudice as a result of counsel's deficient performance. *Id.* To establish prejudice, a prisoner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). A court need not address both prongs if a prisoner makes an insufficient showing on one. *Id.*

The Eighth Amendment "contains a narrow proportionality principle that applies to noncapital sentences. Outside the context of capital punishment, there

are few successful challenges to the proportionality of sentences." *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006) (citation and internal quotation marks omitted). Furthermore, "a sentence within the statutory limits generally does not violate the Eighth Amendment." *Id.* at 1243. Indeed, "[s]uccessful Eighth Amendment challenges in non-capital cases are 'exceedingly rare'; so rare, in fact, that never have we concluded that an adult's non-capital sentence violates the Eighth Amendment." *United States v. Green*, 754 F. App'x 943, 944 (11th Cir.) (quoting *United States v. Suarez*, 893 F.3d 1330, 1336 (11th Cir. 2018)), *cert. denied*, 139 S. Ct. 2730 (2019).

Here, Movant has not shown that counsel was ineffective for failing to argue that Movant's sentence was constitutionally excessive. Courts regularly impose substantial sentences on defendants involved in drug trafficking, *see, e.g.*, *Green*, 754 F. App'x at 944-45 (rejecting Eighth Amendment challenge by drug trafficker receiving 230-month sentence), and counsel was not deficient for failing to argue that a sentence under the statutory maximum was constitutionally excessive, nor is there any reasonable probability that the Court would have found such an argument persuasive in imposing a lesser sentence.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable.  If the district judge assigned to this case adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a

5

certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

IV. **CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that the instant motion to vacate (Doc. 68) be **DENIED** and a certificate of appealability be **DENIED**. The Clerk is **DIRECTED** to terminate the referral to the undersigned. **SO RECOMMENDED**, this 13th day of April, 2021.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE