IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Jesus Tena Solorzano,

        Movant,        Criminal No. 1:18-cr-120-MLB-1
                              Civil No. 1:20-cv-2057-MLB

v.

United States of America,

        Respondent.

_____/

## ORDER

Before the Court is the Magistrate Judge's Final Report and Recommendation ("R&R") (Dkt. 69), recommending denial of Movant's 28 U.S.C. § 2255 motion to vacate his sentence (Dkt. 68). Movant has filed his objections to the R&R (Dkt. 71).

I.   Background

On January 7, 2019, Movant pled guilty to a single count of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii), 846 (Dkt. 53). On May 17, 2019, the Court sentenced Movant to 180 months

of imprisonment (Dkt. 63).[1]  Movant did not file a direct appeal, but on May 13, 2020, Movant filed the instant § 2255 motion raising two claims: (1) his 180-month sentence "in the time of a grave pandemic, given to an individual who was a low-level drug courier and who will be deported upon his release, is cruel and unusual punishment under the Eighth Amendment" (Dkt. 68 at 3), and (2) his trial counsel was ineffective for failing to effectively argue that Movant's sentence violated the Eighth Amendment, *id.* at 5-6.  Movant seeks to have his sentence reduced.

The Magistrate Judge performed a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases and determined Movant's first claim regarding his sentence is procedurally defaulted because Movant did not raise the claim on appeal, *see Lynn v. United States*, 365 F.3d 1225, 1243 (11th Cir. 2004) (explaining that "the procedural default rule does not depend on whether a movant never filed a direct appeal or appealed but raised different issues"), and that Movant's ineffective assistance claim fails because he cannot demonstrate prejudice as successful Eighth Amendment

---

[1] Movant's statutory sentencing range was 10 years to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

challenges to noncapital sentences are exceedingly rare such that trial counsel's failure to raise the issue does not tend to undermine confidence in the outcome of Movant's sentencing. "[A] sentence within the statutory limits generally does not violate the Eighth Amendment," *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006), and Movant's argument that his sentence is excessive because he was a low-level player in the drug conspiracy is not at all compelling.[2]

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Under 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections

---

[2] In any event, the Government presented significant evidence that Movant played a leadership role in the conspiracy (Dkt. 60).

need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. Discussion

In his objections, Movant contends that his first ground is not procedurally defaulted because he could not have brought a claim regarding the fact that the pandemic renders his sentence an Eighth Amendment violation because, at the time that he would have appealed, there was no pandemic. *See Reed v. Ross*, 468 U.S. 1, 17 (1984) (indicating that a § 2254 petitioner does not procedurally default a claim that did not previously exist).

However, the dangers created by the COVID-19 pandemic are conditions of confinement, and claims relating to such conditions are not cognizable under § 2255. *See Fernandez v. United States*, 941 F.2d 1488, 1494 (11th Cir.1991) (finding that § 2255 was not applicable to the petitioner's claim that he was not receiving adequate medical care for his heart condition); *United States v. Abel*, No. 6:91-cr-35-Orl-19, 2010 WL 883816, at *2 (M.D. Fla. Mar.8, 2010) ("The non-constitutional claim raised by Petitioner here, that his sentence should be reduced due to inadequate prison medical care for hepatitis-C, is not cognizable under

4


Section 2255."). As the Magistrate Judge stated in the R&R, to the extent Movant argues that he is entitled to release because of the pandemic, he may file a motion for compassionate release, and if he contends that prison officials have failed to properly protect him from COVID-19 in violation of his civil rights, he should file a 28 U.S.C. § 1331/*Bivens*[3] or, possibly, a 28 U.S.C. § 2241 habeas corpus action (Dkt. 69 at 2 n.1). In summary, this Court concludes that Movant has failed to state a viable claim that he is entitled to relief.

**IV. Conclusion**

Having reviewed the R&R in light of Movant's objections, this Court concludes that the Magistrate Judge is correct. Accordingly, the Court **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Dkt. 69), and the pending 28 U.S.C. § 2255 motion (Dkt. 68) is **DENIED**.

This Court further agrees with the Magistrate Judge that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

---

[3] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The Clerk is **DIRECTED** to **CLOSE** civil action number 1:20-cv-2057-MLB.

**SO ORDERED** this 26th day of May, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE